# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**DONALD WOODARD**                                                      **PLAINTIFF**

**VS.**                                    **CASE NO. 4:18-cv-426-BRW**

**ARKANSAS COPIER CENTER, INC.**                              **DEFENDANT**

## ANSWER TO ORIGINAL COMPLAINT

COMES NOW, Defendant, Arkansas Copier Center, Inc. ("Arkansas Copier"), by and through its attorneys, Newland & Associates, PLLC, and for its Answer to Original Complaint, herein states:

1.    Arkansas Copier admits that this action is brought by Donald Woodard ("Plaintiff"). Arkansas Copier denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.    Arkansas Copier admits that the United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this lawsuit. Arkansas Copier denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.    Paragraph 3 contains a legal conclusion to which no response is necessary from Arkansas Copier. To the extent a response is necessary, Arkansas Copier denies the allegations contained in Paragraph 3 of the Complaint.

4.    Paragraph 4 contains a legal conclusion to which no response is necessary from Arkansas Copier. To the extent a response is necessary, Arkansas Copier denies the allegations contained in Paragraph 4 of the Complaint.

5. Arkansas Copier admits the allegations contained in Paragraph 5 of the Complaint.

6. Arkansas Copier admits that venue is proper in this Court and that Arkansas Copier "resides" in Arkansas. Arkansas Copier denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Arkansas Copier admits that venue is proper in this Court and that Plaintiff was previously employed by Arkansas Copier within the Eastern District of Arkansas. Arkansas Copier denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Arkansas Copier re-alleges and incorporates all preceding paragraphs of this Answer as if set forth word for word herein.

9. Arkansas Copier is without sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore, denies the same.

10. Arkansas Copier admits that Plaintiff worked for Arkansas Copier from April 2014 to February 2018. Arkansas Copier denies the remaining allegations contained in Paragraph 10 of the Complaint. Pleading affirmatively, Plaintiff was employed by Arkansas Copier as its Director of Information Technology.

11. Arkansas Copier admits the allegations contained in Paragraph 11 of the Complaint.

12. Arkansas Copier denies the allegations contained in Paragraph 12 of the Complaint.

13. Arkansas Copier admits the allegations contained in Paragraph 13 of the Complaint.

14.     Arkansas Copier admits the allegations contained in Paragraph 14 of the Complaint.

15.     Arkansas Copier admits the allegations contained in Paragraph 15 of the Complaint.

16.     Arkansas Copier admits the allegations contained in Paragraph 16 of the Complaint.

17.     Arkansas Copier admits the allegations contained in Paragraph 17 of the Complaint.

18.     Arkansas Copier admits the allegations contained in Paragraph 18 of the Complaint.

19.     Arkansas Copier re-alleges and incorporates all preceding paragraphs of this Answer as if set forth word for word herein.

20.     Arkansas Copier denies the allegations contained in Paragraph 20 of the Amended Complaint.  Pleading affirmatively, Plaintiff was the Director of Information Technology at Arkansas Copier.  In that role, among other job duties, Plaintiff acted as a computer systems analyst that applied systems analysis techniques and procedures to determine hardware, software or system functional specifications.  Plaintiff also performed work directly related to the general business operations of Arkansas Copier and its customers, and he managed and supervised other Arkansas Copier employees.

21.     Arkansas Copier denies the allegations contained in Paragraph 21 of the Complaint.  Pleading affirmatively, even if Plaintiff had worked more than 40 hours per week, Plaintiff was an exempt employee under FLSA and AMWA under the computer employee, administrative, professional, and/or executive exemptions, and thus, was not entitled to overtime

compensation.  As an exempt employee, Director of IT, and computer systems analyst, Plaintiff had many job duties, including but not limited to the following:  performance of office and non-manual work directly related to the management or general business operations of the company and the company's customers; exercise of discretion and independent judgment with respect to matters of significance for the company; application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications; design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; design, documentation, testing, creation or modification of computer programs related to machine operating systems; or a combination of the these duties, which requires the same level of skills.

22.     Arkansas Copier admits the allegations contained in Paragraph 22 of the Complaint.  Pleading affirmatively, Plaintiff was an exempt employee.

23.     Arkansas Copier denies the allegations contained in Paragraph 23 of the Complaint.  Pleading affirmatively, Plaintiff was an exempt employee and agreed upon hiring that his salary and additional benefits received from Arkansas Copier would be his total compensation for all hours worked.

24.     Arkansas Copier admits the allegations contained in Paragraph 24 of the Complaint.

25.     Arkansas Copier denies the allegations contained in Paragraph 25 of the Complaint.  Pleading affirmatively, Plaintiff was the Director of Information Technology.

26.     Arkansas Copier denies the allegations contained in Paragraph 26 of the Complaint.  Pleading affirmatively, Plaintiff was the Director of Information Technology.

27.     Arkansas Copier denies the allegations contained in Paragraph 27 of the Complaint. Pleading affirmatively, Plaintiff was the Director of Information Technology, and he managed and supervised other Arkansas Copier employees.

28.     Arkansas Copier denies the allegations contained in Paragraph 28 of the Complaint. Pleading affirmatively, Plaintiff was the Director of Information Technology.

29.     Arkansas Copier denies the allegations contained in Paragraph 29 of the Complaint. Pleading affirmatively, Plaintiff was the Director of Information Technology.

30.     Arkansas Copier denies the allegations contained in Paragraph 30 of the Complaint. Pleading affirmatively, Plaintiff was the Director of Information Technology at Arkansas Copier. In that role, among other job duties, Plaintiff used his specialized training and professional certifications to aid him as the computer systems analyst that applied systems analysis techniques and procedures to determine hardware, software or system functional specifications. Plaintiff also performed work directly related to the general business operations of Arkansas Copier and its customers, and he managed and supervised other Arkansas Copier employees.

31.     Arkansas Copier admits the allegations contained in Paragraph 31 of the Complaint. Pleading affirmatively, Plaintiff was an exempt employee.

32.     Arkansas Copier denies the allegations contained in Paragraph 32 of the Complaint.

33.     Arkansas Copier re-alleges and incorporates all preceding paragraphs of this Answer as if set forth word for word herein.

34.     Arkansas Copier denies the allegations contained in Paragraph 34 of the Complaint.

35.     Arkansas Copier admits that it employed Plaintiff from April 2014 to February 2018.  Arkansas Copier denies all remaining allegations contained in Paragraph 35 of the Complaint.

36.     Arkansas Copier admits the allegations contained in Paragraph 36 of the Complaint.

37.     Paragraph 37 of the Compliant contains a legal conclusion to which no response is necessary from Arkansas Copier.  To the extent that a response is necessary, Arkansas Copier denies the allegations.

38.     Arkansas Copier denies the allegations contained in Paragraph 38 of the Complaint.  Pleading affirmatively, Plaintiff was an exempt employee under FLSA and AMWA under the computer employee, administrative, professional, and/or executive exemptions, and thus, was not entitled to overtime compensation.

39.     Arkansas Copier denies the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Arkansas Copier denies the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Arkansas Copier re-alleges and incorporates all preceding paragraphs of this Answer as if set forth word for word herein.

42.     Arkansas Copier denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Arkansas Copier admits that it employed Plaintiff from April 2014 to February 2018.  Arkansas Copier denies all remaining allegations contained in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Compliant contains a legal conclusion to which no response is necessary from Arkansas Copier.  To the extent that a response is necessary, Arkansas Copier denies the allegations.

45.     Arkansas Copier admits the allegations contained in Paragraph 45 of the Complaint.

46.     Arkansas Copier denies the allegations contained in Paragraph 46 of the Complaint.  Pleading affirmatively, Plaintiff was an exempt employee under FLSA and AMWA under the computer employee, administrative, professional, and/or executive exemptions, and thus, was not entitled to overtime compensation.

47.     Arkansas Copier denies the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Arkansas Copier denies the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Arkansas Copier denies the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Arkansas Copier denies that Plaintiff is entitled to the relief requested in the Prayer for Relief/Wherefore Paragraph of the Complaint, including but not limited to subparts A through J of that Paragraph.

51.     Arkansas Copier denies all allegations not specifically admitted to herein.

52.     Pleading affirmatively, Arkansas Copier states that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege facts or state a cause of action upon which relief can be granted.

53.     Pleading affirmatively, Arkansas Copier alleges the affirmative defense of exempt status under the overtime compensation requirements of the FLSA and the AMWA. Pursuant to Plaintiff's day-to-day activities and responsibilities as the Director of Information Technology, Plaintiff was exempt from receiving any overtime compensation under the computer employee, administrative exemption, professional exemption, and/or executive exemptions of the FLSA and AMWA.

54.     Pleading affirmatively, Arkansas Copier asserts that even if Plaintiff was not an exempt employee under the FLSA and AMWA, Arkansas Copier's actions were always conducted in good faith and any violation that may have occurred was not willful. Arkansas Copier's actions were not conducted with malice or any reckless disregard of whether its conduct was prohibited by the FLSA or AMWA, and thus, Plaintiff is not entitled to an award of liquidated damages or punitive damages.

55.     Pleading affirmatively, Arkansas Copier alleges the affirmative defenses of accord and satisfaction, set-off, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, estoppel, failure of consideration, fraud, illegality, laches, license, payment, res judicata, statute of frauds, statute of limitations, waiver, and all other matters under Rule 8(c) of the Federal Rules of Civil Procedure constituting an avoidance or affirmative defense.

56.     Arkansas Copier reserves the right to amend this Answer and/or to plead further.

57.     Arkansas Copier demands a jury trial on all issues triable to a jury.

WHEREFORE, Defendant, Arkansas Copier Center, Inc., prays that the Complaint against it be dismissed, for its costs and reasonable attorneys' fees, and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

**ARKANSAS COPIER CENTER, INC.**

By:

NEWLAND & ASSOCIATES, PLLC
2228 Cottondale Lane, Suite 200
Little Rock, Arkansas 72202
(501) 221-9393   PH
(501) 221-7058   FAX


_/s/ Ashley D. Peoples_____
Joel F. Hoover, Ark. Bar No. 2001031
jhoover@newlandassociatespllc.com
Ashley D. Peoples, Ark. Bar No. 2008171
apeoples@newlandassociatespllc.com

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 15th day of August, 2018, she electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.


_/s/ Ashley D. Peoples_____
Ashley D. Peoples